J-S29006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN MOSES, | |
| Appellant | No. 1711 EDA 2018 |

Appeal from the PCRA Order Entered May 1, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003521-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 11, 2019**

Appellant, Shawn Moses, appeals *pro se* from the post-conviction court's May 1, 2018 order dismissing his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial in June of 2015, Appellant was convicted of carrying a firearm without a license, 18 Pa.C.S. § 6106, and carrying a firearm in public in Philadelphia, 18 Pa.C.S. § 6108.[1]  On December 4, 2015, the court sentenced Appellant to an aggregate term of 3 to 6 years' incarceration, followed by 4 years' probation.  He filed a timely notice of appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal. ***Commonwealth v. Moses***, 159

---

[1] Appellant was acquitted of possession with intent to deliver narcotics, 35 P.S. § 780-113(a)(30).

A.3d 590 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 169 A.3d 560 (Pa. 2017).

On December 20, 2017, Appellant filed a timely, *pro se* PCRA petition. Therein, he claimed, *inter alia*, that he was unlawfully arrested, and that his trial counsel acted ineffectively by not filing a pretrial motion to suppress the evidence seized during the search of his person incident to that illegal arrest. PCRA counsel was appointed, but instead of filing an amended petition on Appellant's behalf, counsel filed a **Turner/Finley**[2] 'no-merit' letter and a petition to withdraw from representing Appellant. On March 29, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response. However, on May 1, 2018, the court issued an order dismissing his petition and granting counsel's petition to withdraw.

On May 24, 2018, Appellant filed a timely, *pro se* notice of appeal.[3] The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] We recognize that Appellant's *pro se* notice of appeal confusingly indicated that he was appealing from his judgment of sentence, but also suggested that he was appealing from the PCRA court's order denying his petition. We agree with the PCRA court that Appellant "was most likely attempting to appeal his PCRA dismissal." PCRA Court Opinion (PCO), 12/11/18, at 2 n.1. Because Appellant's notice of appeal was timely filed from that order, we have jurisdiction over his appeal. **See Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014) ("A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise

complained of on appeal, but it issued a Rule 1925(a) opinion on December 11, 2018.

Herein, Appellant has filed two briefs, yet in neither one does he set forth a Statement of the Questions Presented that comports with Pa.R.A.P. 2116(a). Notwithstanding, it is apparent that he is alleging that the PCRA court erred in dismissing his petition because: (1) his arrest was illegal, as it was unsupported by probable cause, and (2) his trial counsel acted ineffectively by not filing a motion to suppress the evidence seized pursuant to that arrest.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

Initially, Appellant's first issue is waived, as he failed to raise it before trial in a motion to suppress. *See* 42 Pa.C.S. § 9543(a)(3) (stating that, to

---

defective."). Moreover, we need not remand for Appellant to correct the defects in his notice of appeal. *See id.* at 587-88 ("In the event of a defective notice of appeal, [Pa.R.A.P.] 902 encourages, though it does not require, appellate courts to remand the matter to the lower court so that the procedural defect may be remedied."). The PCRA court correctly presumed that Appellant was appealing from the order dismissing his petition, and it addressed the issues raised in his petition in its Pa.R.A.P. 1925(a) opinion.

be eligible for PCRA relief, the petitioner must demonstrate "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (declaring that "an issue is waived if the petitioner could have raised it but failed to do so **before trial**, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding") (emphasis added). Consequently, the PCRA court did not err in denying him relief on his first suppression claim.

In Appellant's second issue, he argues that his trial counsel acted ineffectively by not filing a motion to suppress the evidence seized during his ostensibly illegal arrest. Regarding ineffectiveness claims, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland**[ **v. Washington**, 466 U.S. 668, 104 S.Ct. 2052 (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's

assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, 608 Pa. at 86–87, 10 A.3d at 291 (quoting **Commonwealth v. Collins**, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing **Strickland**, 466 U.S. at 694…)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

Instantly, the PCRA court found that Appellant's suppression claim lacked arguable merit and, therefore, his trial counsel could not be deemed ineffective for failing to file a suppression motion. **See** PCO at 8. In discussing the underlying suppression issue, the court stated:

It is well established that a person may be detained without probable cause to make an arrest if there is reasonable suspicion that criminal activity is afoot. **Terry v. Ohio**, 392 S.Ct. 1868 (1968). Reasonable suspicion exists where[,]

the officer is able to articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of intrusion warrant a man of reasonable caution in the belief that the action taken was appropriate.

***Commonwealth v. Jones***, 874 A.2d 108, 116 (Pa. Super. 2005) [(citation omitted)]. To assess if reasonable suspicion existed at the time of the stop, the courts must look at the totality of the circumstances. ***Commonwealth v. Zhahir***, 751 A.2d 1153, 1156-57 (Pa. 2000). "[C]ourts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention." ***Commonwealth v. Clemens***, 66 A.3d 373, 379 (Pa. Super. 2013) [(citation omitted)].

Furthermore, hand-to-hand transactions can be enough to raise a reasonable suspicion where the transaction is in a high crime area and the item passed is small. In ***Commonwealth v. Daniels***, 999 A.2d 590 … (Pa. Super. 2010), the Superior Court found that "quick, hand-to-hand transactions of money for small items through a car window in a crime-friendly stretch of Philadelphia are, in the absence of noticeably larger items such as soft pretzels, pies, roses, beverages or newspapers, commonly known to often involve narcotics." [***Id.*** at 597 n.3 (citation omitted)]. Although a hand-shake or fist bump alone is not enough to raise a reasonable suspicion, where money is exchanged and the item received is small and concealed, a suspicion is raised as to the legality of the transaction. Thus, a combination of innocent facts when [taken] together can warrant further police investigation. ***Commonwealth v. Cook***, 735 A.2d 673, 676 (Pa. 1999).

As a result of Pennsylvania's heightened privacy considerations, a police officer's pursuit of a fleeing individual is a seizure pursuant to Article 1, Section 8 of the Pennsylvania Constitution. ***Id.*** at 675. Thus, an officer must have reasonable suspicion to pursue a fleeing individual. However, the courts have held that "unprovoked flight could be considered among the relevant contextual considerations, since 'nervous, evasive behavior is a pertinent factor in determining reasonable suspicion' and '[h]eadlong flight — wherever it occurs — is the consummate act of evasion.'" ***In re D.M.***, 781 A.2d 1161, 1164 (Pa. 2001) (citing ***Illinois v. Wardlow***, 120 S.Ct. 673 (2000)). The Superior Court of Pennsylvania has clarified that such flight must be after either being confronted by police or recognizing their presence in the area. ***Commonwealth v. Washington***, 51 A.3d 895, 898 (Pa. Super. 2012).

In order for a [d]efendant to challenge the seizure of physical evidence, he has to demonstrate both a possessory interest in the evidence and a legally cognizable expectation of privacy in the area from which the evidence was seized. ***Commonwealth v. Byrd***, 987 A.2d 786, 790 (Pa. Super. 2009). It is well[-]established that a defendant has no reasonable expectation of privacy in voluntarily abandoned contraband. [***Id.*** (citation omitted)]. However, abandonment does not occur where evidence is discarded as a result of unlawful police coercion or action. ***Id.*** [at 791 (citation omitted).] If the initial seizure of a person is tainted, the abandonment of any property on their persons is a direct consequence of that illegality and will not be considered voluntary. [***Id.*** (citation omitted).]

In the case at bar, [Appellant] averred that his search and seizure was illegal because there was no probable cause to arrest. Additionally, [Appellant] averred that his detainment was not an investigatory stop but rather a complete arrest. This is false. [Appellant] was stopped pursuant to ***Terry*** when officers saw him make a hand-to-hand exchange of money for a small unknown object. At [Appellant's] preliminary hearing, Officer Vaughn testified that he exited his vehicle and initiated the stop, [and Appellant] then attempted to flee. (N.T.[,] 3/19/2012, p. 19). A brief struggle ensued after which police officers were able to detain [Appellant]. ***Id.*** Once on the ground and in compliance, [Appellant] tossed a glove he had on his person. Eight green-tinted plastic bags fell out of the glove when it was tossed. ***Id.*** [Appellant] then voluntarily notified officers that he had a Glock .9 millimeter gun on his person. This gun was then removed by police. It was at this point that [Appellant] was placed in custody and arrested for possession of the firearm and marijuana. ***Id.*** at 22. Following his arrest, [Appellant] attempted to flee police custody [again,] and was pursued and eventually caught by officers. At this point, he was rearrested.

At trial, Officer Soto, who first called in the flash information with regard to the transaction, testified to the following:

Q: What about it made you think it was a narcotics sale?

A: It was [done] discretely. There was the money and, you know, a brief conversation, then he handed him the money, and in a closed fist over an open palm, he gave him what I believed was narcotics. I couldn't actually see the object….

(N.T. 6/9/2015, p. 35). He testified that his experience and training led him to believe that this transaction was a narcotics sale. *Id.* at 34-[3]5. Additionally, at the time of the transaction, Officer Soto was merely five to six feet away in an unmarked vehicle. The transaction occurred directly in front of him. After witnessing the transaction, Officer Soto called in the flash information and requested back-up[,] since he had three females in custody in his car. Officer Vaughn and Officer Nance arrived on the scene shortly thereafter to make the stop. Officer Vaughn testified at trial to the following:

> Q: Can you tell us what happened when you approached?
>
> A: I approached with Officer Nance. We verbally identified ourselves as police officers. At that point [Appellant] and Mr. Johnson panicked and attempted to --
>
> MR. EGAN: Objection.
>
> THE COURT: Sustained. Tell me what you saw, please.
>
> THE WITNESS: Okay. They attempted to flee.

([*Id.* at] 60-[6]1).

Testimony from both the preliminary hearing and trial, indicate that officers had reasonable suspicion to stop [Appellant]. Officer Soto witnessed money and a small object being exchanged in a high crime area. His experience led him to believe that this was most likely a narcotics transaction. Police Officers Vaughn and Nance then arrived on the scene and attempted to stop [Appellant], by announcing police presence, when [Appellant] tried to flee and struggled with police. This[,] too[,] was evidence that illegal activity was afoot. [Appellant] was never frisked[;] rather, he was simply stopped for investigation and then voluntarily abandoned the glove containing the illegal substance. He also voluntarily informed officers that he had a gun on him. The gun was removed for safety purposes. Pursuant to well[-]established case-law, officers stopped [Appellant] legally after having a reasonable suspicion that criminal activity was afoot. Thus, the content abandoned by [Appellant] after this stop was voluntarily discarded and was properly admitted at trial. As a result, the trial court did not err in admitting the gun and drug evidence at trial.

PCO at 3-7.

After reviewing the record and the case law on which the PCRA court relies, we conclude that it did not err in determining that Appellant's suppression claim lacks arguable merit and, therefore, his trial counsel did not act ineffectively by not filing a motion to suppress. ***See Commonwealth v. Rivera***, 816 A.2d 282, 292 (Pa. Super. 2003) ("It is axiomatic that trial counsel will not be considered ineffective for failing to pursue meritless claims.") (cleaned up).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/19